# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY LEONARD MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-565-TS |
| ) | |
| SUPERINTENDENT OF THE INDIANA STATE ) | |
| PRISON, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Jeffrey Leonard Mitchell, a *pro se* prisoner, filed a Petition for Writ of Habeas Corpus [DE 1], alleging that he is being held past his release date of October 4, 2008. The Petitioner states that he has appealed administratively his release date within the Indiana Department of Correction. (Pet. 1–2.) However, he can also seek a writ of habeas corpus or post-conviction relief in state court. *See* Ind. R. P. for Post Conviction Remedies 1(a)(5); Ind. Code § 34-25.5-1-1 ("Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal."). The Seventh Circuit has instructed:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (parallel citations omitted).

Although the Petitioner may prefer to come directly to federal court, the relevant federal statute does not permit him to obtain any relief in this Court until he has exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A). Therefore, this case cannot proceed until after he files a state habeas corpus case, appeals (if necessary) any adverse rulings to the Court of Appeals of Indiana, and then (if necessary) seeks transfer to the Indiana Supreme Court.

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 Cases, Rule 4. For the foregoing reasons, the Court **DISMISSES** this Petition [DE 1] **WITHOUT PREJUDICE** because these claims have not been exhausted in state court.

SO ORDERED on December 15, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION